CSC CONSULTING, INC., Plaintiff-
Counter-Defendant-Appellee-
Cross-Appellant,

v.

THINKCHAIN, INC., ThinkChain Hold-
ings, Inc., and FondElec Group, Inc.,
Defendants–Counter–Claimants–Ap-
pellants–Cross–Appellees,

Enrique Posner and Gaston Acosta–
Rua, Defendants–Counter–
Claimants.

Docket Nos. 03–7235(L), 03–7275(X–AP).

United States Court of Appeals,
Second Circuit.

April 1, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court is AFFIRMED.

George Galgano, Galgano & Sullivan, White Plains, NY, for Appellants.

Arthur F. Fergenson, Piper Rudnick LLP, Baltimore, MD, for Appellee.

PRESENT: MCLAUGHLIN, JACOBS, Circuit Judges, and COVELLO, District Judge.

*SUMMARY ORDER*

Appellants ThinkChain, Inc., Think-Chain Holdings, (collectively "Think-

Chain"), and FondElec Group, Inc. ("FondElec") appeal from a judgment entered by the United States District Court for the Southern District of New York (Stanton, J.), pursuant to a jury verdict in favor of CSC Consulting, Inc. ("CSC"). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. Trial judges have "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker*, 903 F.2d 91, 101 (2d Cir.1990). The district court is at liberty to choose language it deems appropriate to instruct the jury so long as its charge "adequately states the law." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir.1991). The supplemental instruction given here was within the bounds of discretion; it was both legally accurate and responsive to the jury's question.

■ 2. The decision to admit expert testimony is left to the trial judge's discretion, and will not be set aside unless "manifestly erroneous." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995). Appellants' proffer at trial as to the substance of the excluded testimony was insufficient and vague. *See* Fed. R.Evid. 103(a)(2) ("[e]rror may not be predicated upon a ruling which ... excludes evidence" unless "the substance of the evidence was made known to the court by offer"). Moreover, experts may not testify to the question of where liability lies in a particular case. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."). The district court

acted within its discretion in excluding the expert testimony in question.

3. Judgment as a matter of law may be granted "only when there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 14 (2d Cir.1993) (citation omitted). Sufficient evidence was presented at trial for a rational trier of fact to find that ThinkChain's veil should be pierced (*see, e.g.*, Appx. Vol. 1 at 193; Vol. 1 at 197; Vol. 1 at 217; Vol. 2 at 606; Tr. 12/12/02 at 208) and that ThinkChain fraudulently conveyed assets (*see, e.g.*, Appx. Vol. 2 at 966; Tr. 1/3/03 at 297–99; Tr. 1/3/03 at 304).

Any recovery for tortious interference with contract would be duplicative of damages already awarded for breach of contract; the district court recognized this overlap, and awarded no separate damages for the tortious interference of contract verdict entered by the jury. Accordingly, we do not consider the sufficiency of evidence supporting the claim for tortious interference.

■ 4. As to the cross-appeal, CSC consciously decided to forgo overtime payments in recognition of ThinkChain's financial condition. No overtime was charged on the two invoices that had already been paid, and no overtime charges were submitted on the invoices that remained unpaid at the time of trial. Sufficient evidence was adduced at trial to support the jury's finding that CSC waived payment for overtime on the unpaid invoices, and the district court's denial of CSC's motion for a judgment as a matter of law was not in error. *See Phillips v. Bowen*, 278 F.3d 103, 108 (2d Cir.2002).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.